SYLVESTER JACOBS *vs.* JUSTUS L. WHITCOMB.

Declarations of the defendant to third persons, as to his object in visiting the plaintiff, are inadmissible in his favor, especially if at such visit that object was made known to the plaintiff himself.

Declarations of a wife to third persons, expressive of her mental feelings, are original and competent evidence for the husband in an action against him for her board.

ASSUMPSIT to recover for board and other necessaries furnished to the defendant's wife, by the plaintiff, her father, from February 24, 1849, to February 24, 1850. At the trial in the court of common pleas, before *Mellen*, J. the plaintiff introduced evidence tending to show, that at several times before the 16th of February, 1849, the defendant compelled his wife to the performance of menial and degrading services; that he had failed adequately to provide for her subsistence and comfort; and that he had personally ill-treated her, and, by reason of these acts, she had fled to the plaintiff for protection.

In September, 1850, while at the plaintiff's house, the defendant's wife was delivered of a child, and the plaintiff offered evidence tending to show, that the defendant, at several times, visited the house of the plaintiff for the purpose of taking the child from its mother. The defendant proposed to inquire of the witnesses who accompanied him to the house of the plaintiff on those occasions, " what purpose the defendant avowed in making said visits, at the time he started thereon," but the presiding judge excluded the inquiry, as it was proved that at each of these visits, he made known his purpose to the plaintiff in the presence of the same witnesses.

It appeared that the defendant, a short time previous to the 16th of February, 1849, had sold his farm where he resided in the town of Littleton, and had engaged board for himself and wife, in the family of one Mrs. Crosby, the mother of the defendant. The plaintiff introduced evidence tending to show, that Mrs. Crosby and the defendant's wife, had been on unfriendly terms; that the wife was not willing to make the proposed change, and that this was among the causes which induced her to leave her husband. The defendant offered evidence tending to show, that his wife was not dissatisfied with the arrangement to board at Mrs. Crosby's, but that she ratified and approved the same. And for this purpose he offered the declarations of the wife made to third parties, relative to said arrangement, immediately previous to her leaving, on the 16th of February, 1849; but the judge ruled that the declarations were not competent evidence. The jury returned a verdict for the plaintiff, and to the foregoing rulings and instructions, and to others not material, the defendant excepted.

*J. Q. A. Griffin & G. F. Farley*, for the defendant.

*B. F. Butler*, for the plaintiff.

BIGELOW, J. Two exceptions only have been insisted on by the defendant at the argument of this cause.

The first is founded on the refusal of the court to admit certain declarations of the defendant in his own favor, made at the time he was about going to the plaintiff's house, as to the purpose of his intended visit there. We think that this evidence was rightly excluded. If it was competent, it was clearly immaterial, because the defendant made known his purpose to the plaintiff in presence of the same witnesses to whom he had previously stated it before going there. His statement to the plaintiff of the object of his visit being proved, it was of no importance to show that he had previously stated it to third persons.

The other objection is, that the court excluded certain declarations of the defendant's wife, offered by the defendant, as showing her state of mind towards Mrs. Crosby, the defendant's mother. This evidence was introduced to rebut testimony which had been offered by the plaintiff to prove that

the wife entertained inimical feelings towards Mrs. Crosby. For this purpose we think it was competent. The plaintiff had made it part of his case to show the existence of a certain state of mind on the part of the wife. It was, therefore, necessary for the defendant to meet it. This he could well do by proving her declarations on the subject, more especially as she was not a competent witness. Whenever the mental feelings of an individual are to be proved, the usual expressions of such feelings are original evidence, and often the only proof of them which can be had. We are, therefore, of the opinion that the court erred in rejecting those declarations. 1 Greenl. Ev. § 102; *Barthelemy* v. *People*, 2 Hill's (N. Y.) Rep. 248, 257, *note; Walton* v. *Green*, 1 Car. & P. 621.

*Exceptions sustained.*